MICHAEL BAILEY
United States Attorney
District of Arizona
CARMEN F. CORBIN
Assistant United States Attorney
State Bar No. 025422
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
Email: carmen.corbin@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Howard Wesley Cotterman,<br><br>Defendant/Movant. | CV 16-0667-TUC-RCC<br><br>**GOVERNMENT'S PARTIAL OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO EXPAND RECORD AND MOTION FOR LEAVE TO CONDUCT DISCOVERY** |

The United States of America, by and through its attorneys undersigned, files this response asking the Court to deny in part defendant Howard Wesley Cotterman's ("the defendant" or "Cotterman") motion for leave to expand the record and conduct discovery. (ECF 30 and 31.) The petitioner's motion should be denied as to Exhibits A and B. In addition, the petitioner's motion for leave to conduct discovery should be denied.

1. **Law**

Rule 6 and Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Courts pertain to discovery and expansion of the record. Rule 6 reads as follows:

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
> **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed

interrogatories and requests for admission, and must specify any requested documents.

Good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

Rule 7 explains the proper procedure for expanding the record.
a) **In General.** If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.
b) **Types of Materials.** The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record.
c) **Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

## 2. <u>Argument</u>

### a. Exhibits A and B

The 2255 Motion filed by the defendant in this case includes and refers to exhibits A and B, which are transcripts of informal recorded interviews conducted by the defendant's original 2255 counsel with the defendant's trial and appellate counsel. The defendant did not seek leave of the court to conduct these interviews and discovery. The government was not provided notice of the interviews, and was thereby precluded from participating. Furthermore, the interviews were apparently conducted without affording defense counsel an opportunity to review or access their case files, which had been passed on to 2255 counsel. Thus, their statements were based on the memory of events that took place years before. The interviews are incomplete and unreliable, therefore the court should deny the petitioner's request to expand the record to include them.

///

### b. Motion for Discovery and Proposed Admissions and Interrogatories Should be Denied

As noted above, "good cause" for ordering discovery exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Bracy*, 520 U.S. at 908-09. There is no good cause in this case.

In his original § 2255 motion, the defendant alleged that his trial and appellate counsel were ineffective on seven grounds, and that the trial court committed plain error in its advisement regarding his waiver of his rights to a jury trial and to testify at trial. As noted in the Government's Opposition, filed on December 13, 2017, the defendant failed to raise a colorable claim of ineffectiveness or any claim under 28 U.S.C. § 2255. (ECF 18.) All of his arguments rely on conclusory, unsupported claims that do not establish his burden of proof. (*Id*.) Cotterman has failed to rebut the presumption that his trial and appellate counsels' conduct fell outside the wide range of reasonable professional assistance, and show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. The evidence at trial was overwhelming and established Cotterman's guilt beyond a reasonable doubt. His motion should be denied.

First, Cotterman argues that his trial counsel was ineffective in representing him during the plea bargaining stage of his case. In his §2255 motion, Cotterman flatly asserts that his trial counsel failed to inform him of a plea offer his trial counsel had negotiated with the prosecutor, and that his trial counsel did not work hard enough throughout the pretrial litigation phase of the case to obtain a better plea offer. Cotterman also claims that he was not informed of a specific plea offer of 12-20 years that was made by the prosecutor before the motion to suppress was litigated.

In addition, Cotterman asserts that the prosecutors and trial counsel involved in the case misunderstood the affect that his prior conviction would have on his potential sentence, and thus, this misunderstanding rendered trial counsel ineffective. Specifically,

| | |
|---|---|
| 1 | Cotterman asserts that both trial counsel and government counsel misunderstood how his |
| 2 | prior conviction would affect his sentence. During the early stages of the case, trial counsel |
| 3 | and government counsel believed that the defendant's prior California conviction would |
| 4 | qualify as a predicate offense requiring a mandatory life sentence. In 2008, government |
| 5 | counsel filed a Notice of Prior Conviction in this matter. (CR 28.) Government counsel |
| 6 | withdrew that notice on the first day of trial, and, in the PSR, the probation office stated |
| 7 | that the prior conviction did not qualify for the sentencing enhancement. (CR 136 at 3, |
| 8 | ¶11.) Cotterman now argues that trial counsel was ineffective, because trial counsel's |
| 9 | mistaken belief that Cotterman would face a mandatory life sentence caused him to not |
| 10 | seek or consider plea offers with lower sentences. This argument is completely lacking in |
| 11 | factual support. |
| 12 | Any early discussions between trial counsel and government counsel about potential |
| 13 | sentences and plea offers were purely discussion. Even if the attorneys believed that a |
| 14 | particular sentencing outcome was likely, it was understood that any sentence would |
| 15 | ultimately be determined by the court, not the parties. Because the government ultimately |
| 16 | elected not to pursue the enhancement, the Court never made an explicit ruling on whether |
| 17 | Cotterman's prior conviction qualified for the enhancement. |
| 18 | Moreover, Cotterman's argument regarding any alleged mistake by the attorneys is |
| 19 | a red herring, because the focus is on whether or not trial counsel conveyed any of the plea |
| 20 | offers, not trial counsel's advice on whether or not to accept the offers. Cotterman suffered |
| 21 | no harm even if the attorneys were mistaken because, even without the prior conviction |
| 22 | invoking an enhancement, Cotterman's U.S.S.G. calculated sentence was "life." Thus, |
| 23 | whether the enhancement was invoked or not, his sentence recommendation was the same. |
| 24 | The defendant has failed to meet both prongs of the *Strickland* test on his plea |
| 25 | bargaining claims. He cannot show that there is a reasonable probability that, had his |
| 26 | lawyer negotiated for a better plea offer, it would have been given. Further, he has failed |
| 27 | to establish that his lawyer did not convey any of the offers to him, or that if he had known |
| 28 | about any plea offers, he would have accepted them. These allegations do not warrant a |

hearing or any other relief, and do not establish good cause for discovery.

Second, Cotterman argues, without any evidentiary support, that his trial and appellate counsel were ineffective in advising him and protecting his right to have a jury trial in this case. He asserts that if he had been properly advised, he would not have executed a jury waiver. As argued in the Government's Opposition, the record that is already a part of this case establishes otherwise. These allegations do not warrant a hearing or any other relief, and do not establish good cause for discovery.

Third, Cotterman asserts that he was deprived of his constitutional right to testify and received ineffective assistance from both his trial and appellate counsel for not advising him that the decision to testify was his own, and failing to raise the deprivation of his right on appeal. Cotterman argues that trial counsel was ineffective because he never considered calling him as a witness at the suppression hearing, and that trial counsel also made the decision, without consulting Cotterman, to not call him as a witness at trial. (CV 1 at 49-50.)

However, Cotterman further asserts that the judge failed to conduct a colloquy with him to ensure his knowledge of his right to testify, or that he voluntarily, knowingly and intelligently waived that right. (CV 1 at 53-54.) Cotterman contends that, "in light of the facts of this case," the trial court "should have inquired into the personal waiver of Petitioner of his right to testify [sic]." *Id.* at 62. In support of his assertion, Cotterman cites a Maine district court decision, and state court opinions from Alabama and Arizona, none of which are controlling authority. (CV 1 at 62-63, citing *United States v. Butts*, 630 F.Supp. 1145 (D. Me. 1986), *Lavigne v. State*, 812 P.2d 217 (Ala. 1991), and *State v. Lee*, 142 Ariz. 210 (1984)).

In fact, the court has no obligation to inquire of the defendant as to whether the defendant knows of his right to testify and if he wishes to waive that right. *United States. v. Martinez*, 883 F.2d 750 (9th Cir. 1989); *United States v. Edwards*, 897 F.2d 445 (9th Cir. 1990); *United States v. Joelson*, 7 F.3d 174 (9th Cir. 1993). Cotterman argues that the record is devoid of information showing that he was consulted on his right to testify. This

is not correct. Instead, as explained above, the defendant was fully informed of his right to testify, and his option to waive that right. In fact, he had prior experience in waiving his right to testify, and chose to do so, in his prior criminal case that had occurred 22 years before.

As with his other claims, there was no prejudice here. As argued in the Government's Opposition, Cotterman offers no evidence to establish that but for this alleged failure to advise, there is a reasonable probability that the outcome of the trial would have been different. Moreover, the evidence at trial against Cotterman was overwhelming.

Cotterman again fails to satisfy both prongs of the *Strickland* test on this claim. He has not established that there is a reasonable probability that, had he not waived his right and testified to the information listed in his motion, the result of his trial would have been different. These allegations do not warrant a hearing or any other relief, and do not establish good cause for discovery.

Finally, the defendant's claim that he was not adequately informed of his right to testify is procedurally defaulted under the cause and prejudice standard discussed in *United States v. Frady*, 456 U.S. 152, 168 (1982), because he did not raise it on direct appeal. In his § 2255 motion, the defendant makes no effort to demonstrate that some external factor impeded his effort to raise the claim on appeal. He simply asserts that his trial counsel was ineffective in advising him of his right to testify and his appellate counsel was ineffective for not raising the issue on appeal. In addition, he argues that the trial court erred by not informing him of his right to testify. Cotterman does not, however, offer any evidence to establish that this alleged failure to advise worked to his actual and substantial disadvantage. The defendant does not claim that he is innocent of the charges.

Fourth, Cotterman asserts that he received ineffective assistance from his trial counsel when he was advised and agreed to enter into a stipulation of facts at trial. The defendant argues that trial counsel was ineffective, because there was "absolutely no benefit to Petitioner to sign the stipulation." (CV 1 at 70.) He argues that, if he had not stipulated to these facts, the government would have had to prove the facts beyond a

reasonable doubt and would have had to call additional witnesses. (CV 1 at 70-73.)

"The test regarding the validity of a stipulation is voluntariness." *United States v. Molina*, 596 F.3d 1166, 1168–69 (9th Cir. 2010). "Stipulations freely and voluntarily entered into in criminal trials are as binding and enforceable as those entered into in civil actions." *United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002) (quoting *United States v. Gwaltney*, 790 F.2d 1378, 1386 (9th Cir.1986)), *overruled on other grounds, United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010) (en banc). A "defendant who has stipulated to the admission of evidence cannot later complain about its admissibility" unless he can show that the stipulation was involuntary. *Technic Servs., Inc.*, 314 F.3d at 1045. "[S]tipulations serve both judicial economy and the convenience of the parties, [and] courts will enforce them absent indications of involuntary or uninformed consent." *Molina*, 596 F.3d at 1169 (quoting *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). Moreover, the Ninth Circuit recognizes that "defense counsel may waive an accused's constitutional rights as a part of trial strategy." *United States v. Gamba*, 541 F.3d 895, 900 (9th Cir. 2008). Counsel's authority extends to waivers of the defendant's Sixth Amendment right to confrontation as a matter of trial tactics or strategy. *Wilson v. Gray*, 345 F.2d 282, 287–88 (9th Cir.1965). The law does not require that each party receive a "benefit" for the stipulation to be valid.

The defendant, his lawyer, and the attorney for the government all signed the stipulation. (CR 117.) The stipulation was admitted into evidence at trial as Exhibit 56. (Trial Exhibit List, CR 130.) At trial, the defendant did not object to the stipulation or the stipulation being filed as a trial exhibit, nor did he object to specific stipulations when they were discussed by both government and trial counsel at trial. In addition, at his sentencing hearing, Cotterman stated that he "was willing to stipulate everything [he'd] done." (CR 162, R.T., 9/29/14, p. 7, ll. 9-10.) He now argues, however, that trial counsel was ineffective because he advised him to agree to the stipulations. (CV 1 at 69.)

Cotterman cannot establish ineffective assistance. He has failed to rebut the strong presumptions that his lawyer's conduct fell within the wide range of reasonable

professional assistance and was sound trial strategy. *Strickland*, 466 U.S. at 689. Cotterman has failed to meet both prongs of the *Strickland* test in his claim regarding the stipulation of facts. While he asserts that, if he had not agreed to the stipulations of fact, the government would have had to prove the facts beyond a reasonable doubt and would have had to call additional witness, he has not established that this would have changed the trial outcome. Having failed to establish either *Strickland* prong on any of his claims, the § 2255 motion should be denied. These allegations do not warrant a hearing or any other relief, and do not establish good cause for discovery.

Fifth, Cotterman contends that he received ineffective assistance from both his trial and appellate counsel when they both failed to argue that the photos and videos of the child victim in this case did not constitute child pornography. Specifically, Cotterman asserts that the images were not child pornography because they did not depict sexual acts and the child victim did not engage in any sexual acts during the taking of the photos and videos. (CV 1 at 76-80.)

Cotterman agrees that the images he created "depicted the [child's] pubic area and in some instances, at the edge of the vaginal area, [Cotterman's] hand opening the vaginal area so it could be photographed." (CV 1 at 76.) He argues, however, that the photos were not sexual, resemble photographs from a "medical textbook," and "simply depicted the complainant's vagina." (CV 1 at 76-77.) Cotterman also asserts that trial and appellate counsels were ineffective because they did not sufficiently raise the argument that the photos and videos were not child pornography because the victim was asleep at the time the photos and videos were taken. (CV 1 at 80.) Cotterman asserts that the wording of 18 U.S.C. § 2251(a), requires that the child must participate in some manner. (CV 1 at 80.) As argued in the Government's Opposition, this argument is meritless, and does not establish good cause for discovery.

Sixth, Cotterman asserts that he received ineffective assistance from his trial and appellate counsel when they failed to advocate for a reduction in his sentence due to his acceptance of responsibility. The defendant has failed to meet both prongs of the *Strickland*

test on his sentencing claims.

Under U.S.S.G. § 3E1.1, to receive a sentence adjustment for acceptance of responsibility:

> [A] defendant must, in addition to accepting responsibility for his offense, "timely provid[e] complete information to the government concerning his own involvement in the offense" or "timely notify[ ] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for a trial...." As the commentary to the provision advises, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."

*United States v. Shrestha*, 86 F.3d 935, 939–40 (9th Cir. 1996). In this case, Cotterman contested his guilt throughout the seven years that this matter was litigated through an interlocutory appeal, and continued to contest his guilt during the trial. At trial, Cotterman did not agree to stipulate to facts that would establish that he produced the child pornography, that the images depicted sexually explicit conduct, and that the victim depicted in the images was a pre-pubescent minor at the time they were created. (CR 117.) The probation officer in Cotterman's presentence report noted that the defendant had done nothing to demonstrate acceptance of responsibility prior to trial. (PSR, CR 136 at 5, ¶20.) At sentencing, the defendant attempted to minimize his conduct:

> If I sound defensive with some of my statements, it's because, in fact, I've had to sit quietly through hours of what I would call in a lot of cases inflammatory statements made, some of which were simply wrong. . . . I was willing to stipulate to everything I'd done, the reasons I done them, and for the – and the motivations as well. . . .
> I think what really opened my eyes to the whole situation and what I was causing more than anything else was that no one involved, and I mean no one, acted in [Victim's] best interests. The agents who conducted the interview zealously pursued a conviction and so did the prosecution. [Victim's] mother, in her own words and also the words of the probation officer, are consumed with anger.
> And all of these elements and all of these factors conspired to put [Victim] back on the stand to relive the events and the trauma, and that was needless. . . .
> I deeply regret the loss of trust, the betrayal of trust for [Victim] and

the distress I caused when I did not respect her space.

(CR 162, R.T. 9/29/14 at 6-14).  In fact, he continues to minimize his behavior in his § 2255 Motion.  In his § 2255 Motion, he asserts that "while admitting it was in appropriate behavior for which he was truly remorseful, suggested that it was chronic, family curiosity that led him to take the pictures."  (CV 1 at 76.)

Cotterman continues to fail to accept responsibility for his actions.  It would have been frivolous and futile for his trial or appellate counsel to argue that he satisfied the requirements for an acceptance of responsibility reduction. *See* U.S.S.G. § 3E1.1, comment n.1, 2 (2011). He has not shown a reasonable probability that, had his lawyers advocated for the reduction, it would have been granted. As argued in the Government's Opposition, this argument is meritless, and does not establish good cause for discovery.

<u>Finally,</u> Cotterman asserts that he received ineffective assistance from his trial counsel when his trial counsel failed to "perform competently" at his motion to suppress, failed to file pretrial motions, failed to file a trial brief, failed to make an opening statement at trial, failed to "effectively" cross examine the government's witnesses at trial, and failed to "effectively" represent the defendant at sentencing. The defendant has failed to meet both prongs of the *Strickland* test on all of these claims.  All of these arguments are without merit, and does not establish good cause for discovery.

Trial counsel in this case did file pre-trial motions, one of which held this case in pre-trial litigation for over seven years before it was brought to trial.  The motion to suppress was filed by trial counsel on April 18, 2008 (CR 17), and, after the court's hearing on the motion, the trial court ruled in favor of the defendant. (Order, CR 71.)  Cotterman fails to establish that trial counsel failed to perform competently at the suppression hearing.

Cotterman asserts that trial counsel was ineffective because he failed to file a pretrial motion to exclude an evidence admitted under 404(b). Cotterman notes, however, that this case was proceeding as a bench trial, so filing a motion to exclude such evidence would be futile since the judge in the case would learn of the evidence either by the motion or at trial. In addition, the defendant fails to mention that he stipulated to some of the evidence,

specifically his prior conviction, in the stipulations of fact that he signed and agreed to have filed with the court, and which was discussed in open court at the trial without objection. In fact, the defendant himself discussed his prior conviction in the statement he made to the court at his sentencing hearing. (CR 162, R.T. 9/29/14 at 6-14.)

Cotterman also argues that trial counsel was ineffective at trial because he did not adequately cross-examine the government's witnesses, did not make an opening statement, and did not argue that the videos and photos were not child pornography in his closing argument. He does not, however, indicate how any of the alleged errors would have in any way altered the result of the trial.

Cotterman repeats his plea bargaining argument that trial counsel was ineffective in advising him on his potential sentence because he did not file "a request for disclosure of guideline information." He argues that, because of this mistake, trial counsel encouraged and Cotterman agreed to proceed with a bench trial instead of a jury trial. Again, however, he fails to show how a jury trial would have altered the result of his trial, other than causing the government to prove the elements of the case beyond a reasonable doubt to a jury instead of a judge. Finally, the defendant asserts that both his counsel were ineffective when they failed to challenge some of the factual statements listed in the PSR regarding Cotterman's prior conviction.

///

### III. Conclusion

For the foregoing reasons, and all of the reasons asserted in the Government's Opposition (filed on December 13, 2017 (ECF 18)), the government respectfully asks this Court to deny the petitioner's motion to expand the record as to Exhibits A and B, and deny the petitioner's motion for leave to conduct discovery.

Respectfully submitted this 16th day of December, 2019.

                                      MICHAEL BAILEY
                                      United States Attorney
                                      District of Arizona

                                      */s/ Carmen F. Corbin*

                                      CARMEN F. CORBIN
                                      Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 16th day of December, 2019, to:

Robert Clay Hernandez, Esq.