**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Wesley Cotterman, | No. CV-16-00667-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Petitioner's original Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) attached several exhibits that were not a part of the record in the related criminal matter CR-7-01207-RCC-CRP-1. Under Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Court ("Rules Governing § 2255"), a Petitioner must first ask for leave of the Court prior to expansion of the record. Respondent objected to the attachments, and the Court ordered the extraneous exhibits stricken and declined to evaluate Petitioner's claims at that time, but allowed Petitioner to file a Motion for Leave to Expand the Record & Motion for Leave to Conduct Discovery (Doc. 30) and a Motion for Leave to File an Amended § 2255 Motion (Doc. 34). These motions are currently pending before the Court.

Respondent objects to expansion insofar as it allows consideration of two informal interviews with Petitioner's former trial and appellate counsel (Exhs. A-B) because these interviews were inappropriately conducted without Court approval, without an opportunity for trial and appellate counsel to review their records, and without

Respondent's knowledge or an opportunity to challenge the statements. In addition, Respondent believes further discovery is unwarranted because Petitioner has not demonstrated a likelihood that, if discovery were granted, he was entitled to relief. In refute, Petitioner argues that expansion assists the Court in determining this matter by including pertinent records not otherwise in the record and there is a likelihood that if expansion or discovery were permitted, Petitioner would be entitled to relief.

A district court may allow expansion of the record in a § 2255 petition but may require these documents to be authenticated and must allow the opposing party an opportunity to challenge their accuracy. Rule 7 of the Rules Governing § 2255. Moreover, Rule 6 of the Rules Governing § 2255 permits discovery in a matter if there is "good cause" and the party requesting discovery has included "any proposed interrogatories and requests for admission, and . . . specif[ies] any requested documents." Good cause occurs when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

Exhibits A and B include trial and appellate counsels' statements about conversations between counsel and client that cannot be extracted from other parts of the record. However, they were inappropriately procured by Petitioner's former § 2255 counsel (who is now deceased) and should be denied on this basis. But, Petitioner proposes an alternate solution; that through further discovery (specifically Petitioner's proposed interrogatories and requests for admission) the original § 2255 counsel's faux pax can be remedied.

While making no determination on the merits of this claim, if allowed to flesh out the record, Petitioner has shown some likelihood that he is entitled to relief. Plaintiff's Amended § 2255 Petition alleges that he was not notified of a plea agreement offering 12-20 years' incarceration, that trial counsel and the AUSA were under the wrongful impression that Petitioner was subject to a mandatory life sentence due to an enhancement for a prior conviction, and that Petitioner proceeded with a bench trial in

exchange for the government's withdrawal of the prior conviction (and therefore the mandatory life sentence). Petitioner claims that had he been informed of the plea offer and that he was not subject to a mandatory life term, he would have taken the plea; meaning, but for trial counsel's ineffectiveness, the outcome would have been different. The Court finds that the proposed discovery from trial and appellate counsel will aid the Court in making its determination.

For the reasons stated herein, IT IS ORDERED:

1. The Motion to Expand & Motion for Leave to Conduct Discovery is GRANTED IN PART. (Doc. 30.) The Motion to Expand is DENIED. The Motion for Leave to Conduct Discovery is GRANTED.

2. Petitioner may serve his Proposed Requests for Admission and Proposed Interrogatories on trial and appellate counsel. If requested, trial and appellate counsel shall be permitted to review any case files in § 2255 counsel's possession prior to submitting their responses.

3. The Motion for Leave to File an Amended § 2255 Motion is GRANTED. (Doc. 34.) Petitioner shall file a Notice with the Court within seven days of the receipt of the admissions and interrogatories. The Notice shall include, as exhibits, trial and appellate counsel's responses.

4. Petitioner shall have fourteen days from the date of the Notice to file his Amended § 2255 Petition in the public docket, including the updated citations to the expanded record.

Dated this 16th day of January, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge