# EXHIBIT L

# EXHIBIT L

ALFRED S. DONAU III
ARIZONA STATE BAR #3540
PIMA COUNTY BAR #14784
**DONAU & BOLT**
3505 NORTH CAMPBELL AVENUE, SUITE 501
TUCSON, ARIZONA 85719-2033
TELEPHONE (520) 795-8710
ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-07-01207-TUC-RCC |
|---|---|
| Plaintiff, | |
| | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Howard Wesley Cotterman, | |
| Defendant. | (Assigned to Judge Raner C. Collins) |

**COMES NOW**, the Defendant, HOWARD WESLEY COTTERMAN, through counsel undersigned, and hereby files this sentencing memorandum.

This matter will come on for sentencing on September 29, 2014. At the time of sentencing, Howard Cotterman will have spent seven years in prison, pending the disposition of this case. The prison that he spent most of those seven years was at CCA, which, as the Court well knows is not designed as a long term repository for prisoners. It is designed for pretrial inmates. It has no programs, services, or education available. The library and exercise facilities are minimal. In short, the seven years that Howard Cotterman has spent have been hard time. Most of it has been in a solitary area where Howard is let out one hour a day. I believe it is appropriate for the Court to take into consideration the type of incarceration that Mr. Cotterman has endured for the last seven years.

In this case, the Court had the benefit of hearing the circumstances surrounding the case from live testimony. I believe it is beyond dispute that Howard Cotterman never downloaded any of the pornographic material found on his computer from the internet, nor did he distribute any material, pornographic or otherwise, on the internet. The vast majority of the material contained on his computer was of his own granddaughter, photographed and preserved by his own hand. The photographs and

1

videos were never shared with anybody else. In other words, the materials produced are not a permanent record of this child. The depictions have not been circulated. The court took great pains to insure that the depictions were not shared with any person unconnected to this case. There is no excusing the conduct in which Mr. Cotterman engaged. All that can be said is that he did it surreptitiously, he did it in a fashion where the victim would not be aware that her private areas were being examined and photographed. That fact is amply demonstrated by one of the videos where the victim begins to wake and Mr. Cotterman hurriedly leaves the room. The government contends that the "granddaughter has suffered for many years due to the defendant's acts" citing counseling since the second grade. The court heard the testimony of both mother and daughter that long after the second grade the daughter looked forward to seeing her grandfather and was happy to spend time with him both in Illinois and in California. The victim only became aware of the conduct of her grandfather after police showed her pictures. There is no evidence that he attempted any sort of sexual penetration of the victim. It is clear that his fascination with female genitalia was the overriding motivation for his invasion of his granddaughter's personal space and privacy.

   It is also clear that Howard Cotterman provided not only his granddaughter, but his grandson and their mother with substantial financial assistance over a course of years. That financial assistance took the form of cash outlays, purchasing clothing and other necessities, arranging for housing, arranging for medical consultation and payment for said consultation. The prosecution has attempted to characterize the acts of kindness by Mr. Cotterman as grooming. There is no evidence to substantiate that Mr. Cotterman was in any fashion grooming anyone. He was evenhanded in his distribution of funds on behalf of the mother, her daughter and son.

   As pointed out in the Presentence Report and in the Indictment, the harshest sentence is reserved for the production of child pornography, 18 U.S.C. § 2251. It is counsel's belief that the harshest penalty is available for that crime because the plain language of the crime contemplates "the defendant employed, used, persuaded, induced, or enticed a victim to engage in sexual explicit conduct...". The plain language contemplates that the victim would be aware of and a participant in the production of sexually explicit material. In this case, clearly from the testimony elicited at trial, the victim was not aware at all that she was being "used" for the production of the sexually explicit photos

and videos. Counsel is aware that "used" has been construed by the courts to include a sleeping victim; however, it is counsel's belief that where the victim is not drugged or otherwise rendered incapacitated by the actions of the defendant, that the lower end of the harshest sentence should be employed. As has previously been stated, the defendant took great cares to ensure that the victim was not aware that he was photographing her private parts. Therefore, counsel undersigned recommends the following sentence: Mr. Cotterman, at the time of sentencing, will be two months shy of 74 years of age. He has spent the last seven and half years in virtual solitary confinement. He has expressed in his own words his extreme remorse and accepts responsibility for his conduct. He has the support of his wife and child. For an individual born in 1940, the defendant has outlived his expectant life span. Whatever sentence the court imposes, the defendant will most likely die in prison. Even if the court imposes a sentence on the lower end of the mandatory scale, Howard Cotterman will be in his eighties before being released. Therefore, it is respectfully requested that the sentence imposed in this matter is 15 years each on Counts 1 and 2, 10 years on Count 3, and 5 years on Counts 5 and 6, and to run all sentences concurrently. This would result in a total sentence of 15 years, which is an appropriate sentence considering all the facts of this case.

**RESPECTFULLY SUBMITTED** this 25th day of September, 2014.

DONAU & BOLT
Attorneys for Defendant

By /s/Alfred S. Donau, III
Alfred S. Donau III

Filed electronically with the Court by
CM/ECF this day of 25th day of September, 2014.

3