# EXHIBIT M

Case 4:07-cr-01207-CC-CRP   Document 136   Filed 09/ /14   Page 1 of 17

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA | ) PRESENTENCE INVESTIGATION REPORT |
|---|---|
| vs. | ) GUIDELINE |
| Howard Wesley Cotterman | ) Docket No.: 4:07-cr-01207-RCC-1 |

**Prepared for:** The Honorable Raner C. Collins
Chief U.S. District Judge

**Prepared by:** Christy A. Ferasin
U.S. Probation Officer
Tucson, AZ
Office: 520-205-4410; Cellular: 520-307-6400

RECEIVED SEP 22 2014 DONAU & BOLT

**Assistant U.S. Attorney**
Carin C. Duryee and Carmen Forrest Corbin
405 W. Congress Street, Suite 4800
Tucson, AZ 85701-4050
520-620-7300

**Defense Counsel (Retained)**
Alfred S Donau III
3505 N. Campbell Ave., Ste. 501
Tucson, AZ 85719-2033
520-795-8710

**Sentence Date:** September 29, 2014

**Indictment:** Counts 1-2: Production of Child Pornography, 18 U.S.C. § 2251(a) and (e). 15 years to 30 years/$250,000.00 fine (Class B felonies)
Count 3: Transportation of Child Pornography, 18 U.S.C. § 2252(a)(1) and § 2252(b)(1). 5 years to 20 years imprisonment/$250,000.00 fine (Class C felony)
Count 5: Possession of Child Pornography, 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2). Up to 10 years imprisonment/$250,000.00 fine (Class C felony)
Count 6: Importation of Obscene Material, 18 U.S.C. § 1462(a). Not more than 5 years imprisonment/$250,000.00 fine (Class C felony)

**Release Status:** The warrant in the instant offense was executed on March 28, 2008, and the defendant has been detained since. Previous to this, case reports indicate he had been in continuous custody in Australia dating back to September 8, 2007, pending extradition. As of September 29, 2014, the defendant will have been detained for 2,578 days (approximately 7 years).

**Detainers:** None.Tot38 and
**Codefendants:** None.
**Related Cases:** None.

Date Report Prepared: September 3, 2014
Report Revised/Addendum Completed: September 22, 2014

COPY HEREOF MAILED/EMAILED/ FAXED TO CLIENT/ OPPOSING COUNSEL ON: /  / BY: ML

Case 4:07-cr-0120_-CC-CRP   Document 136   Filed 09/__/14   Page 2 of 17

Presentence Report
COTTERMAN, Howard Wesley

Identifying Data:

| | |
|---|---|
| Date of Birth: | November 30, 1940 |
| Age: | 73 |
| Race: | White |
| Hispanic Origin: | Non-Hispanic origin |
| Sex: | Male |
| SSN: | 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 |
| FBI: | 586779NA7 |
| USM: | 30367-208 |
| State ID: | CA09861131 |
| PACTS: | 119248 |
| Education: | Master's Degree |
| Dependents: | 3 |
| Citizenship: | U.S. citizen |
| Place of Birth: | Terre Haute, Indiana |
| Address: | 12811 Falcon Point Place<br>Truckee, California 96161 |
| Alias(es): | Cotterman, Howard Wesley; Thompson, John Raymond; Porter, Harold Lester; Roberts, John Frederick; Cotterman, Howard; Hashimi, Zahraa |
| Alternate IDs: | California Department of Corrections Number: H039965 |
| Height: | 6'0" |
| Weight: | 150 pounds |
| Color of Eyes: | Brown |
| Color of Hair: | Gray |

2

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 4 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 4 of 18

Case 4:07-cr-01201-CC-CRP   Document 136   Filed 09/  /14   Page 3 of 17

Presentence Report
COTTERMAN, Howard Wesley

## PART A. THE OFFENSE

### Charge(s) and Conviction(s)

1. On April 12, 2007, a complaint charging the defendant with interstate transportation of child pornography was filed in U.S. District Court, Tucson, and a warrant was issued. An eight-count indictment was filed on June 27, 2007.

2. Counts 1 and 2 charged that at some time prior to April 2007 the defendant induced a minor to engage in sexually explicit conduct with the intent to produce a visual depiction of such conduct, each count a violation of 18 U.S.C. § 2251(a) enhanced under §2251(e).

3. Count 3 charged that the defendant transported images of child pornography in interstate and foreign commerce, a violation of 18 U.S.C. § 2251(a)(1) enhanced under 2251(b)(1).

4. Count 4 charged the defendant with receipt of child pornography.

5. Count 5 charged that the defendant possessed four separate images of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(B) enhanced under 2252(b)(2).

6. Count 6 and 7 respectively charged the defendant with importation and transportation of approximately 300 different stories related to child pornography, violations of 18 U.S.C. § 1462(a) and 1465.

7. Count 8 charged that the defendant traveled to Australia via Mexico, Canada and Japan with the intent to avoid prosecution for the crimes charged in Counts 1-7.

8. The warrant in the instant offense was executed March 28, 2008, after the defendant was extradited from Australia.

9. On February 26, 2009, the Court granted a defense motion to suppress evidence found during a search of the defendant's computer. The government appealed this ruling, and on March 18, 2013, in an en banc decision, the court of appeals reversed the Court's order suppressing the evidence.

10. The case then proceeded to a bench trial, and on June 11, 2014, the defendant was found guilty on Counts 1, 2, 3, 5 and 6. Counts 4, 7 and 8 were dismissed on motion of the government.

11. It is noted that in 2008 the government filed a Notice of Prior Conviction alleging the defendant had prior convictions in California (see ¶43) that would result in various statutory sentencing enhancements to include mandatory life imprisonment on Counts 1 and 2. It should be noted, however, that the presentence report does not propose application of any of the prior-conviction enhancements authorized under 18 U.S.C. §§ 2251(e), 2252(b)(1), 2252(b)(2) and 3559(e). This is because, under the strict standards of the "categorical approach," none of the California convictions at issue (i.e., the violations of Penal Code §§ 288, 647.6 and 311.4) would appear to qualify as predicate sex crimes.

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 5 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 5 of 18

Case 4:07-cr-0120_-CC-CRP   Document 136   Filed 09/_/14   Page 4 of 17

Presentence Report
COTTERMAN, Howard Wesley

### The Offense Conduct

12. At 12:30 p.m. on April 6, 2007, the defendant and his wife arrived at the port of entry in Lukeville, Arizona, in a passenger car and reported they were returning to their home in California following a vacation in Mexico. Based on a TECS alert indicating the defendant was a convicted sex offender suspected of travelling abroad for purposes of child sex "tourism" agents conducted a search that resulted in the discovery of two laptop computers and several cameras in the vehicle. While allowing the defendant and his wife to continue on with their travels, agents maintained possession of their property for further examination.

13. On April 8, an agent found 75 images of child pornography on one of the laptops along with several suspicious files that were password protected. The same day, the agent requested the defendant's assistance in accessing the files and the defendant agreed to report to the ICE office in Tucson the following day. The defendant failed to show, however, and further investigation established that on April 9 he departed from Tucson on a flight to Hermosillo, Sonora. From there, he boarded flights to Canada and Japan and was believed to have eventually traveled to Sydney, Australia, to avoid prosecution.

14. On April 11, the agent opened approximately 23 password-protected files that were found to contain 378 images of child pornography as well as at least three videos. The vast majority of the images involved sexually explicit depictions of the defendant's granddaughter. In at least one image, the fingers of an adult male believed to be the defendant are shown spreading her vaginal opening. The investigation would establish the images were taken on multiple occasions in approximately 2004-06 when the victim was approximately 7-10 years of age. Unrelated to this victim, on the computer, the agent also found approximately 300 text stories that described acts of child pornography.

15. Case reports indicate that Australian authorities located the defendant on September 8, 2007. He initially produced a driver's license under a false name before he admitted his true identity.

### Victim Impact

16. As noted, the victim in the majority of the counts is the defendant's granddaughter, who today is 18 years old. According to defense counsel, the victim and her mother reportedly were unaware of the offense before police officers showed them the photographs. The undersigned recently interviewed the victim and her mother. The mother explained that the victim began counseling in the second grade but was hospitalized in the seventh grade when she began cutting herself and expressing suicidal thoughts.

17. The victim's mother also has been in counselling for many years and intends to continue in the future. She has experienced a loss of appetite and trouble sleeping and has consumed alcohol to "numb out." She is angry at the defendant, her father-in-law, for prolonging the legal process. She also believes he "groomed" both her and the daughter.

4

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 6 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 6 of 18

Case 4:07-cr-0120 CC-CRP   Document 136   Filed 09 /14   Page 5 of 17

Presentence Report
COTTERMAN, Howard Wesley

18. The victim and her mother are requesting restitution and will attempt to calculate expenses related to past and future counseling needs as well as travel for court proceedings.

### Adjustment for Obstruction of Justice

19. Although evidence suggests the defendant fled to the country and assumed a false identify in order to avoid prosecution, this conduct would not appear to fall within the meaning of obstruction of justice under USSG §3C1.1.

### Adjustment for Obstruction of Justice

20. It does not appear the defendant did anything to clearly demonstrate acceptance of responsibility prior to trial. He is therefore not eligible for a reduction under USSG §3E1.1. Nevertheless, during the presentence interview the defendant acknowledged that there are no excuses for what he did. He has worked hard to gain insight into his reasoning and wrong thinking. It pains him greatly that he has lost family relationships over the incident. He expressed remorse and self-reproach. He admits that he betrayed his granddaughter's trust and abused his caretaker responsibility.

### Offense Level Computation

21. The 2013 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG §1B1.11.

22. Counts 1, 2, 3, and 5 form one count group pursuant to USSG §3D1.2(b) because they involve the same victim and two or more acts constituting part of a common scheme or plan. The guideline for the most serious of the counts, Counts 1 and 2, is used to determine the offense level for all the counts in the group.

23. Count 6 involves a different societal interest/victim and therefore forms a separate count group.

### Count Group 1 – (Counts 1, 2, 3 and 5)

24. **Base Offense Level:** The guideline for 18 U.S.C. § 2251 offenses is USSG §2G2.1 of the guidelines. That base offense level is 32. USSG §2G2.1(a).   32

25. **Specific Offense Characteristics:** Four levels are added because the offense involved a minor who had not attained the age of 12 years. USSG §2G2.1(b)(1)(A)   +4

26. **Specific Offense Characteristics:** Two levels are added because the defendant was related to the victim. USSG § 2G2.1(b)(5)   +2

27. **Adjustment for Role in the Offense:** None.   0

28. **Adjustment for Obstruction of Justice:** None.   0

5

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 7 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 7 of 18

Case 4:07-cr-01207-CC-CRP   Document 136   Filed 09/ /14   Page 6 of 17

Presentence Report
COTTERMAN, Howard Wesley

| | | |
|---|---|---:|
| 29. | Adjusted Offense Level (Subtotal): | <u>38</u> |

### Count Group 2 – (Count 6)

| | | |
|---|---|---:|
| 30. | Base Offense Level: The guideline for 18 U.S.C. § 1462 offenses is USSG §2G3.1. The base offense level is 10. USSG §2G3.1(a). | <u>10</u> |
| 31. | Specific Offense Characteristics: Two levels are added because the offense involved the use of a computer. USSG §2G3.1(b)(4). | <u>+2</u> |
| 32. | Victim Related Adjustment: None. | <u>0</u> |
| 33. | Adjustment for Role in the Offense: None. | <u>0</u> |
| 34. | Adjustment for Obstruction of Justice: None. | <u>0</u> |
| 35. | Adjusted Offense Level (Subtotal): | <u>10</u> |

Multiple Count Adjustment:

| Group # | Adjusted Offense Levels | Units |
|---|---|---|
| 1 | 40 | 1.0 |
| 2 | 18 | 0.0 |
| Total Number of Units: | | 1.0 |

| | | |
|---|---|---:|
| 36. | Greater of the Adjusted Offense Levels Above: | <u>38</u> |
| 37. | Increase in Offense Level: | <u>0</u> |
| 38. | Combined Adjusted Offense Level: | <u>38</u> |
| 39. | Chapter Four Enhancement: Five levels are added because, with respect to Count Group 1, the defendant engaged in a pattern of activity involving prohibited sexual conduct with a minor (i.e., the production of child pornography) on at least two separate occasions. USSG §4B1.5(b)(1). | <u>+5</u> |
| 40. | Acceptance of Responsibility: None. | <u>0</u> |
| 41. | Total Offense Level: | <u>43</u> |

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

Juvenile Adjudication(s)

42. None.

Adult Criminal Conviction(s)

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 8 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 8 of 18

Case 4:07-cr-0120. .CC-CRP   Document 136   Filed 09. /14   Page 7 of 17

Presentence Report
COTTERMAN, Howard Wesley

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pts |
|---|---|---|---|---|---|
| 43. | 10/21/1991 (Age 50) | Cts.1 and 5: Lewd and Lascivious Conduct with a Child (felonies) Penal Code § 288(a) Cts. 2, 6, 12: Annoy or Molest a Child (felonies) P.C, § 647.6 Cts. 3-4, 11, 15, 17-19, 26, 28-29, 31: False Imprisonment (felonies) Cts: 8-9, 14, 16, 20, 22-23, 25, 27, 30: 2nd Degree Burglary (felonies) Cts. 7, 13, 21, 24: 1st Degree Burglary (felonies) Cts. 32-33: Use of Minor in Sexual Conduct (felonies) Penal Code 311.4(c) Santa Clara County Superior Court, San Jose, CA; Docket No.: 150626 | 06/19/1992: Cts. 2-4, 6-9, 11-16: 2 years imprisonment, concurrent Ct. 5: 2 years, consecutive Cts. 17-31: 2 years, concurrent Ct. 32: 2 years, consecutive Cts. 1 and 33: Stayed | 4A1.1(a) | 3 |

The defendant was represented by counsel and convicted at a bench trial. According to the state presentence report, from August 19-23, 1991, the defendant arrived at approximately 15 different child care facilities in the San Jose area posing as either a doctor or a social services inspector. He told staff members at these facilities that he was investigating unreported acts of child abuse and requested to see randomly selected children in private. Most of his attempts were unsuccessful, but at one facility a young employee who was working by herself allowed him to see two girls, both age 6, in private. He subsequently had the children take off their clothes and took pictures of them. He also penetrated one victim's vaginal opening with his finger.

It appears the defendant was linked to the crimes through a license plate number on the car he was driving. When questioned, he admitted he was "curious" to look at one little girl's vagina. After he was booked into jail, the defendant called his wife and directed her to remove a camera, film and other items from their home.

The defendant was released from custody on June 7, 1997.

Case 4:07-cr-0120...CC-CRP   Document 136   Filed 09.../14   Page 8 of 17

Presentence Report
COTTERMAN, Howard Wesley

### Criminal History Computation

44. The criminal convictions above result in a subtotal criminal history score of three and a Criminal History Category II.

### Other Criminal Conduct

45. None.

### Pending Charges

| Date of Indictment | Charge | Agency | Disposition |
|---|---|---|---|
| 46. 10/25/2007 (Age 66) | Cts. 1-2: Commission of a Sex Felony Crime Involving a Minor by a Registered Sex Offender | N/A | 11/05/2007: Warrant returned unexecuted in U.S. District Court, Eastern District of California, 2:07-cr-0484 |

Case reports were not received, and the indictment establishes only than in August and December 2006 the defendant, a registered sex offender, used a female under age 18 "to engage in sexually explicit conduct, namely, the lascivious exhibition of the genitals[.]" Although unconfirmed, the alleged victim in this case would appear to be the same victim as in the instant offense.

### Other Arrests

47. None.

## PART C. OFFENDER CHARACTERISTICS

### Personal and Family Data

48. The defendant was born to Waldo Cotterman, an insurance salesman and Helen Jeffries, a beautician, both deceased. He has two siblings, Robert Cotterman, 86, a retiree living in Sarasota, Florida, and Ann Buck, 82, a housewife in Anderson, Indiana.

49. Before the defendant's father passed away when he was 11, his parents owned a beauty salon. He reports a happy childhood free from abuse despite financial struggles after his father's passing. To help his mother, the defendant began working as a delivery boy at the age of 12.

50. At 18 (1958), he moved to Terre Haute, Indiana, and attended Purdue University for five years. In 1961, he married Joanna Cotterman, his childhood sweetheart. Before divorcing in 1978 they had three children, Greg, Mark and Scott. Scott is the father of the victim in

8

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 10 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 10 of 18

Case 4:07-cr-0120..-CC-CRP   Document 136   Filed 09.../14   Page 9 of 17

Presentence Report
COTTERMAN, Howard Wesley

the instant offense. The defendant reportedly maintained a close relationship with his sons prior to the instant offense. His ex-wife passed away from cancer in the early 1990s.

51. After graduating college, he moved to Endicott, New York, to work for IBM. In 1969, he started his own company in Raleigh, North Carolina, and after this he lived for varying periods of time in Philadelphia and Dayton, Ohio, before settling in the San Francisco area in 1978.

52. In 1988, the defendant met his current wife Maureen, a public school teacher who retired from Hewlett Packard, at a dance studio and they married in 1990. She was training to be a competitive dancer at the time and he was taking lessons. After his release from the California Department of Corrections 1997 he reunited with his spouse in California and continued to reside there until his commission of the instant offense.

53. In 2006-2007, he and his wife spent five months in Puerto Vallarta, Jalisco, Mexico. Upon their return to the United States, the seizure of a computer led to the discovery of the instant offense. Within days the defendant fled to Australia within days and apparently resided there for five months before he was detained for extradition in September 2007.

54. Since his arrest, the defendant described his son Greg is his best supporter. He feels that he has lost the trust of his wife and family. The past seven years have been very straining with no contact outside of letters and phone calls. His wife and son have stood by his side and are helping him gain insight into his personality.

55. When recently interviewed, the defendant's son Greg related that his father is a responsible, serious, hardworking person who cares deeply about people and is one of the most important people in his life. He does not understand why his father did this, but feels strongly that he is a good person. He is in regular contact with his father via phone and letters. His reiterated his father's arrest was a shock to the family and has also caused a great deal of financial strain for his stepmother.

56. In the future, the defendant plans to continue his writing. When at liberty again, he hopes to enjoy outdoor activities such as kayaking, hiking and, tennis.

### Physical Condition

57. The defendant is currently on medication for his high blood pressure, cholesterol, and thyroid. He has been diagnosed with an enlarged prostate, thyroid disorder, and esophageal dysfunction. In the early 1990s he had a surgery to repair a hernia. His son reported that his father had pneumonia nine months ago.

### Mental and Emotional Health

58. The defendant indicated he has experienced depression over the instant offense and his incarceration. After his previous conviction in 1991, he sought out treatment to gain insight into his personality. He described himself as "mono-focused" and possessing a

Case 4:07-cr-01207-CC-CRP   Document 136   Filed 09/../14   Page 10 of 17

Presentence Report
COTTERMAN, Howard Wesley

"rescuer personality." He tends to get overly involved in his interests and is a self-described workaholic. He is aware that he doesn't respect societal barriers and is unaware of his effects on people. He described his curiosity as invasive. When interviewed, he mentioned three psychological evaluations, including one by a court-appointed psychiatrist that found no evidence of pedophilia, sexual interest in children, or predatory tendencies.

### Substance Abuse

59. In college, the defendant drank socially. He denied the use of any other substance.

### Educational, Vocational and Special Skills

60. In 1964, he received a master's degree in electrical engineering from Purdue University. While in college he was a member of the ROTC. His primary language is English and he also speaks limited German and French. He has received training in writing and investigation techniques through the National Cash Registry.

### Employment Record

61. The defendant has been incarcerated since 2007. From 1999-2006, he reported working as manager, text book writer and consultant for Center For Systems Management in San Jose, California, and earned $150,000 annually. From 1994-1999, he reportedly worked as a freelance writer of textbooks on management and systems engineering. From 1992-1994, the defendant was incarcerated.

62. From 1988-1990 he owned his own consulting company. From 1983-1988, he was the chief operations officer for Logical Business Systems in Sunnyvale, California. His son Greg, verified most of his employment history.

### Financial Condition: Ability to Pay

63. The defendant indicated his only significant asset is a home in California. He is unsure of the current market value or mortgage balance. It does not appear the defendant has the ability to pay a fine.

## PART D. SENTENCING OPTIONS

### Custody

64. Statutory Provisions:

    Counts 1-2 — The minimum term of imprisonment is 15 years and the maximum term is 30 years. 18 U.S.C. § 2551(a) and (e).

    Count 3 — The minimum term of imprisonment is 5 years and the maximum term is 20 years. 18 U.S.C. § 2252(a)(1) and (b)(1).

Case 4:07-cr-01207-CC-CRP   Document 136   Filed 09/../14   Page 11 of 17

Presentence Report
COTTERMAN, Howard Wesley

> Count 5 — The maximum term of imprisonment is 10 years. 18 U.S.C. § 2252(a)(4)(B) and (b)(2).
>
> Count 6 — The maximum term of imprisonment is 5 years. 18 U.S.C. § 1462(a).
>
> (Note: As to Counts 5 and 6, the listed penalties are those in effect at the time of the offense. They have since been increased.)

65. **Guideline Provisions:** Based upon a total offense level of 43 and a criminal history category of II, the prescribed guideline sentence is life.

### Supervised Release

66. **Statutory Provisions:**

> Counts 1, 2, 3 and 5 — The Court shall impose a term of supervised release of five years to life. 18 U.S.C. § 3583(k).
>
> Count 6 — The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2).

67. Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

68. **Guideline Provisions:**

> Counts 1, 2, 3 and 5 — The guideline range for supervised release is five years to life. Since each count is a qualifying sex offense, the commission recommends a lifetime term of supervised release be imposed. USSG §5D1.2(b)(2
>
> Count 6 — Since the offense is a Class C Felony, the guideline range for a term of supervised release is 1 year to 3 years. USSG §5D1.2(a)(2).

### Probation

69. **Statutory Provisions:** The defendant is ineligible for probation on any of the counts because Counts 1 and 2 are Class B felonies. 18 U.S.C. § 3561(a)(1).

70. **Guideline Provisions:** The defendant is ineligible for probation because the applicable custody range is in Zone D. USSG §5B1.1(b)(1).

### Fines

71. **Statutory Provisions:** The maximum fine authorized for each count of conviction is $250,000.00. 18 U.S.C. § 3571(b).

> A special assessment of $100.00 is mandatory on each count. 18 U.S.C. § 3013.

11

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 13 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 13 of 18

Case 4:07-cr-01207-CC-CRP   Document 136   Filed 09/../14   Page 12 of 17

Presentence Report
COTTERMAN, Howard Wesley

72. **Guideline Provisions:** The fine range for this offense is from $25,000 to $250,000. USSG §5E1.2(c)(3).

73. Costs of prosecution shall be imposed on the defendant as required by statute. USSG §5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. USSG §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides the following monthly cost data:

|  | Bureau of Prisons Facilities | Community Correction Centers | Supervision by Probation Officer |
|---|---|---|---|
| Daily | $80.25 | $72.91 | $8.66 |
| Monthly | $2,440.97 | $2,217.73 | $263.50 |
| Annually | $29,291.62 | $26,612.76 | $3,162.03 |

Restitution

74. **Statutory Provisions:**

Counts 1, 2, 3 and 5 — Pursuant to 18 U.S.C. § 2259, the Court must order the defendant to pay the victim the full amount of the victim's losses. To date, however, victim has not submitted a claim for restitution.

Count 6 — Restitution is not at issue.

75. **Guideline Provisions:** Restitution as authorized by statute shall be ordered. USSG §5E1.1.

## PART E. FACTORS THAT MAY WARRANT DEPARTURE

76. The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range.

## PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

77. The probation officer identified no information concerning the offense or the offender which would warrant a variance from the advisory guideline range.

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 14 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 14 of 18
Case 4:07-cr-01207-CC-CRP   Document 136   Filed 09/ /14   Page 13 of 17

Presentence Report
COTTERMAN, Howard Wesley

Respectfully Submitted,

Mario Moreno
Chief U.S. Probation Officer

By:   *Christy Ferasin*
Christy A. Ferasin
U.S. Probation Officer

Approved:

*Robert Dalton*

Robert F. Dalton
Supervisory U.S. Probation Officer
Office: 520-205-4414   Cellular: 520-631-6947

*Restrictions on Use and Redisclosure of Presentence Investigation Report.* Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorists activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

13

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 15 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 15 of 18
Case 4:07-cr-01207-CC-CRP   Document 136   Filed 09/  /14   Page 14 of 17

## SENTENCING RECOMMENDATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA
### UNITED STATES V. HOWARD WESLEY COTTERMAN, DKT. 4:07-cr-01207-RCC-1

TOTAL OFFENSE LEVEL: 43
CRIMINAL HISTORY CATEGORY: II

|  | Statutory Provisions | Guideline Provisions | Plea Agreement Provisions | Recommended Sentence |
|---|---|---|---|---|
| CUSTODY: | Cts. 1-2: 15 years-30 years<br>Ct. 3: 5 years-20 years<br>Ct. 5: 0 years-10 years<br>Ct. 6: 0 years-5 years | Life | N/A | Cts. 1-2: 30 years<br>Cts. 3: 20 years<br>Ct. 5: 10 years<br>Ct. 6: 5 years<br>(All counts concurrent) |
| SUPERVISED RELEASE: | Cts. 1, 2, 3, and 5: 5 years-life<br>Ct. 6: 0 years-3 years | Cts. 1, 2, 3, and 5: 5 years-life<br>Ct. 6: 0 years-3 years |  | Cts. 1, 2, 3, and 5: Life<br>Ct. 6: 3 years, concurrent |
| PROBATION: | Ineligible | Ineligible |  | Ineligible |
| FINE: | Up to $250,000 per count | $25,000-$250,000 |  | Waive |
| RESTITUTION: | Mandatory | Mandatory |  | To be determined |
| SPECIAL ASSESSMENT: | $100 per count | $100 per count |  | $500 |

Justification:

The offense level computation takes into account that on at least two separate occasions the defendant produced sexually explicit images of his own very young granddaughter. His placement in criminal history category II also stems from a multiple sex crimes that involved very young victims. Based on these factors and the obvious threat the defendant poses to the public safety, the total punishment prescribed by the guidelines is life imprisonment. The undersigned has identified no mitigating factors that would justify a departure or variance below such a sentence.

Case 4:07-cr-01201-CC-CRP   Document 136   Filed 09/__/14   Page 15 of 17

Presentence Report
COTTERMAN, Howard Wesley

However, it must be recognized that a life sentence is not authorized for any of the counts of conviction individually. The unusual scenario is not addressed at USSG §5G1.2, which sets out the general procedures for imposing sentences on multiple counts and identifying the relatively rare case where counts must be "stacked" to reach the total punishment prescribed by the guidelines, in this case life. It also does not appear to be an issue that has been considered by the 9th Circuit Court of Appeals.

However, when presented with very similar scenarios, the 7th Circuit has repeatedly taken the position that a "guidelines range [of] life in prison [] means that the range defaulted to the maximum sentence on each count[.]" (*United States v. Dale*, 498 F.3d 604 (7th Cir.2007).)

By the logic of the 7th Circuit cases, a 110-year term of imprisonment, the statutory maximum on each count, should be imposed in the instant offense to achieve a "total punishment equal in severity to what the guidelines would require were it not the statutory maxima." (*United States v. Veysey*, 334 F.3d 600 (7th Cir.2003).)

While a 95-year sentence could perhaps be justified in the instant offense, the undersigned recommends instead a total punishment of 30 years. Given the defendant's age at sentencing and the nature of the instant offense, BOP policies indicate that he will not be eligible for any form of compassionate release of reduction in sentence. (see BOP Program Statement No. 5050.49, August 12, 2013). As such, even with 7 years of presentence detention credit, a 30-year term of imprisonment will in all likelihood equate to life sentence in the defendant's particular case.

In the event that the defendant is every released from prison, a lifetime term of supervised release is recommended as an added measure of deterrence and protection.

A recommendation regarding restitution will be made pending further input from the victim. The special assessments are mandatory. The defendant does not have the ability to pay a fine.

Special Conditions:

Given the defendant likely will be in his 90s if he is ever released, it is believed that the standard conditions of supervision will be sufficient to address the statutory purposes of rehabilitation, deterrence and protection of the public.

Voluntary Surrender:

The defendant has been detained without bail since arrest and is not a candidate for voluntary surrender. 18 U.S.C. § 3143(a)(2).

Recommendation:

It is respectfully recommended that sentence in this case be imposed as follows:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that Howard Wesley Cotterman is hereby committed to the Bureau of Prisons for 30 years on Counts 1 and 2, for 20 years on Count 3, for 10 years on Count 5 and for 5 years on Count 6. All counts are to run concurrently.

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 17 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 17 of 18

Case 4:07-cr-01201-CCC-CRP   Document 136   Filed 09/__/14   Page 16 of 17

Presentence Report
COTTERMAN, Howard Wesley

The defendant shall pay a special assessment of $100 on each count, which shall be due immediately.

The Court finds the defendant does not have the ability to pay and orders the fine waived.

The defendant shall pay a total of $500 in criminal monetary penalties, due immediately.

If incarcerated, payment of criminal monetary penalties is due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The Court hereby waives the imposition of interest and penalties on any unpaid balance.

If ever released from imprisonment, the defendant shall be placed on supervised release for life on Counts 1, 2, 3 and 5 and for a term of 3 years on Count 6. These terms are to run concurrently.

While on supervised release, the defendant shall comply with the standard conditions of supervision adopted by this Court, in General Order 12-13. Of particular importance, the defendant shall not commit another federal, state, or local crime during the term of supervision. The Mandatory Drug Testing Provision is suspended. Within 72 hours of release from the custody of the Bureau of Prisons the defendant shall report in person to the Probation Office in the district to which the defendant is released.

Respectfully Submitted,

Mario Moreno
Chief U.S. Probation Officer

*Christy Ferasin*

By:   Christy A. Ferasin
       U.S. Probation Officer

Approved:

*Robert Dalton*

Robert F. Dalton
Supervisory U.S. Probation Officer
Office: 520-205-4414   Cellular: 520-631-6947

16

Case 4:16-cv-00667-RCC   Document 49-13   Filed 04/06/20   Page 18 of 18
Case 4:16-cv-00667-RCC   Document 1-13   Filed 10/08/16   Page 18 of 18

Case 4:07-cr-01207-CC-CRP   Document 136   Filed 09/__/14   Page 17 of 17

## ADDENDUM TO THE PRESENTENCE REPORT

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DISTRICT OF ARIZONA
### UNITED STATES V. HOWARD WESLEY COTTERMAN, . 4:07-cr-01207-RCC-1

#### Explanation of Revisions to Presentence Report

There are no unresolved objections to the proposed guideline computations of the presentence report.

It is noted, however, that the draft presentence report had proposed a two-level vulnerable victim enhancement under USSG §3A1.1 based on the victim's young age and her relationship to the defendant. In correspondence, defense counsel correctly pointed out that these factors are already taken into account through the specific offense characteristics applied under USSG §2G2.1(b)(1) and (b)(5) based on the victim's age and relationship to the defendant. The proposed §3A1.1 enhancement has been withdrawn accordingly.

As to Counts 5 and 6, the government also pointed out that the draft presentence report had listed the statutory penalties currently in effect rather than the penalties in place at the time of the offenses. This oversight also has been corrected.

Respectfully Submitted,

Mario Moreno
Chief U.S. Probation Officer

By:   Christy Ferasin
       U.S. Probation Officer

Approved:

Robert F. Dalton
Supervisory U.S. Probation Officer

17