# EXHIBIT Q

Case 4:16-cv-00667-RCC   Document 49-17   Filed 04/06/20   Page 2 of 5
Case 4:07-cr-01207-RCC-CRP   Document 28   Filed 03/07/08   Page 1 of 4
Case 4:16-cv-00667-RCC   Document 1-17   Filed 10/08/16   Page 2 of 5

DIANE HUMETEWA
United States Attorney
District of Arizona
Judson T. Mihok
Assistant United States Attorney
405 W. Congress, Suite 4800
Tucson, Arizona 85701
judson.mihok@usdoj.gov
Telephone: (520) 620-7300
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-07-1207 TUC RCC |
| Plaintiff, | |
| v. | NOTICE OF PRIOR CONVICTION |
| HOWARD WESLEY COTTERMAN, | 18 USC § 3559(e) |
| Defendant. | |

Plaintiff, United States of America, by and through its attorneys undersigned, hereby files this record of conviction from the case 150626 in the Superior Court of California, County of Santa Clara, as notice to the defendant of a conviction the government believes will affect the statutory minimum penalties to which the defendant will be subject upon a conviction in his pending federal matter. A copy of this record of conviction was included in early discovery made available to the attorney for the defendant on or about February 7, 2008.

Title 18, USC § 3559(e), enacted as part of the PROTECT Act states in pertinent part:

(e) Mandatory life imprisonment for repeated sex offenses against children.-
(1) In general. - A person who is convicted of a Federal Sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed.
(2) Definitions. - For the purposes of this subsection-(A) the term "Federal sex offense" means an offense under section . . . 2251 (relating to sexual exploitation of children) . . . ;
(B) the therm "State sex offense" means an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense if, to the extent or in the manner specified in the applicable provision of this title-
(i) the offense involved interstate or foreign commerce, or the use of the mails; or

Case 4:16-cv-00667-RCC Document 49-17 Filed 04/06/20 Page 3 of 5
Case 4:07-cr-01207-RCC-CRP Document 28 Filed 07/07/08 Page 2 of 4
Case 4:16-cv-00667-RCC Document 1-17 Filed 10/08/16 Page 3 of 5

(ii) the conduct occurred in any commonwealth, territory, or possession of the United States, within the special maritime and territorial jurisdiction of the United States . . . ;
  (C) the term "prior sex conviction" means a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense;
  (D) the term "minor" means an individual who has not attained the age of 17 years.

18 USC § 3559(e) (2006).

In addition, 18 USC § 2251(e) provides:

Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one or more prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment or transportation of child pornography, such person shall be . . . imprisoned for not less than 25 years nor more than 50 years, but if such person has two or more prior convictions . . . such person shall be . . . imprisoned not less than 35 years nor more than life.

18 USC § 2251(e).

Similarly, 18 USC § 2252(b)(1) states:

Whoever violates or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment or transportation of child pornography, or sex trafficking of children, such person shall be . . . imprisoned for not less than 15 years nor more than 40 years.

18 USC § 2252(b)(1).

18 USC § 2252(b)(2) states:

Whoever violates or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title and imprisoned not more than 10 years, but if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment or transportation of child pornography, or sex trafficking of children, such person shall be . . . imprisoned for not less than 10 years nor more than 20 years.

Case 4:16-cv-00667-RCC Document 49-17 Filed 04/06/20 Page 4 of 5
Case 4:07-cr-01207-RCC-CRP Document 28 Filed 07/07/08 Page 3 of 4
Case 4:16-cv-00667-RCC Document 1-17 Filed 10/08/16 Page 4 of 5

1 | 18 USC § 2252(b)(2).

2 | The penalty provision for 18 USC § 1462 states:

3 | Shall be fined under this title or imprisoned not more than five years, or both, for the first such offense and shall be fined under this title or imprisoned not
4 | more than ten years, or both, for each such offense thereafter.

5 | 18 USC § 1462.

6 | The government is filing this notice at this time because the defendant has a number of
7 | prior felony convictions that will require certain mandatory minima and increase the statutory
8 | maxima penalties he will face if convicted.

9 | On February 25, 1992, in the Superior Court of California, County of Santa Clara, in
10 | case number 150626, Howard Wesley Cotterman was convicted after a bench trial of the
11 | following felony offenses: two counts of Use of a Minor in Sexual Conduct in violation of
12 | California Penal Code Section 311.4(C); two counts of Lewd and Lascivious Conduct Upon
13 | a Child in violation of California Penal Code Section 288(A); and three counts of Child
14 | Molest-Inhabited Dwelling in violation of California Penal Code Section 647.6. Upon those
15 | convictions the defendant was sentenced to serve four years in prison on June 19, 1992.

16 | These convictions qualify as "State sex offense(s)," as defined by 18 U.S.C. §§ 3559(e),
17 | 2251(e), et al. Therefore, the defendant's potential subsequent convictions of 18 U.S.C. §
18 | 2251(a) (Counts 1 and 2) subject him to mandatory life imprisonment. 18 U.S.C. § 3559(e).
19 | These same statutes also increase the penalties on Counts 3 and 4 to a minimum of 15 years
20 | and a maximum of 40 years, on Count 5 to a minimum of 10 years and a maximum of 20
21 | years, and on Count 6, a maximum of 10 years. See supra.

22 | ///
23 | /
24 | /
25 | /
26 | /

3

The records supporting these convictions were previously provided to the attorney for the defendant on or about February 7, 2008.

**RESPECTFULLY SUBMITTED this 7th day of July, 2008.**

DIANE HUMETEWA
United States Attorney
District of Arizona

*s/Judson T. Mihok*

Judson T. Mihok
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 7th day of July, 2008, to:

Alfred S. Donau III, Esq.
Attorney for the Defendant