# EXHIBIT W

Law Office of
HERNANDEZ & HAMILTON, PC
The Johnson House Offices
455 West Paseo Redondo
Tucson, Arizona 85701-8254
CLAY HERNANDEZ (AZ 010917)
Email: Clay@Hernandez-Hamilton.com
Telephone: (520) 882-8823
Fax: (520) 882-8414
Attorney for Defendant/Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No: 4:16-CV-00667-TUC-RCC-1 |
|---|---|
| Plaintiff/Respondent, | |
| v. | **PETITIONER'S** |
| Howard Wesley Cotterman, | **REQUESTS FOR ADMISSION** |
| Defendant/Petitioner. | |

Pursuant to Rule 6(b) of the Rules Governing Section 2255 Cases in the United States District Court, and the District Court's January 16, 2020 Order, Petitioner hereby serves the following Requests for Admissions and Interrogatories upon his appellate counsel, Ms. Darla Mondou ("appellate counsel").

Petitioner requests that appellate counsel admit the truth of the following matters of fact, which are materially pertinent to his claims in the above-entitled matter.

1

## INSTRUCTIONS

A. Appellate counsel's answers to these requests for admissions shall specifically admit or deny the matter. If any request cannot be truthfully admitted or denied, please set forth the specific reasons why the request cannot be admitted or denied, and any efforts made to obtain information sufficient to allow appellate counsel to answer the request. A denial shall fairly meet the substance of the requested admission.

B. When good faith requires appellate counsel to qualify an answer or deny only a part of the matter to which an admission is requested, she shall specify the portion that is true and qualify or deny the remainder.

C. Identify each person who assisted or participated in preparing and/or supplying any of the information given in a response to or relied upon in preparing the answers to these requests for admission and interrogatories.

D. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The words "any" and "all" shall be construed so as to make the request inclusive rather than exclusive. The singular shall include the plural, and vice versa.

E. The requests for admission and interrogatories shall be read, interpreted, and answered in accordance with these instructions and the definitions set forth herein. If the meaning of any word or phrase used herein is unclear, appellate

2

counsel is requested to contact § 2255 counsel to resolve any ambiguity. Should appellate counsel wish to review any case files in § 2255 counsel's possession prior to submitting her responses, it is requested that appellate counsel contact § 2255 counsel's office immediately and identify the files she wishes to review. Section 2255 counsel will then arrange for such review.

F. If any request or interrogatory cannot be answered in full after exercising the required diligence, it shall be answered to the extent possible with a full statement of all efforts made to fully answer, and all reasons a full answer cannot be made.

G. Appellate counsel shall serve her written answers upon Petitioner within 30 days after being served. *See* Fed. R. Civ. P. 36(a)(3). Any request for admission or interrogatory that is not answered or objected to within 30 days is admitted. *Id.*

## I. REQUESTS FOR ADMISSION

1. Admit that you did not evaluate or consider raising a claim on appeal that Cotterman's jury waiver was invalid.

2. Admit that you did not identify or think to raise that issue because most of your appeals had been from jury trial or pleas, as opposed to bench trials.

3. Admit that you did not evaluate or consider raising a claim on appeal that the district court's colloquy regarding Cotterman's waiver of his right to testify was inadequate.

4. Admit that you did not raise an argument that Cotterman should have received a sentencing adjustment for acceptance of responsibility because you incorrectly

3

believed U.S.S.G. § 3E1.1 was unavailable to defendants who elected to go to trial.

RESPECTFULLY SUBMITTED this 30th day of January, 2020.

                Law Office of
                HERNANDEZ & HAMILTON, PC


              By *s/CLAY HERNANDEZ*
                CLAY HERNANDEZ
                Attorney for Defendant/Petitioner

4

# CERTIFICATE OF SERVICE

I, Clay Hernandez, do hereby certify that on this 30th day of January, 2020, I mailed copies of the foregoing document, along with the Court's January 16, 2020 Order (Doc. 43), to the following recipients:

Darla Mondou
Appellate Counsel for Defendant/Petitioner

Carmen F. Corbin, Assistant
United States Attorney's Office

By s/*Clay Hernandez*
    CLAY HERNANDEZ

Case 4:16-cv-00667-RCC   Document 49-23   Filed 04/06/20   Page 7 of 15

DARLA J. MONDOU, J.D., LL.M. ~~~~ ATTORNEY AND COUNSELOR AT LAW

Massachusetts Office
15 Brandywine Road
W. Boylston, MA 01583
520-241-7392 Mobile

Arizona Office
2388 S. Orchard View Drive
Green Valley, AZ 85614
520-241-7392 Mobile

darlalaw@aol.com

Admitted in:
Massachusetts State Courts (Active) Montana and Maine State Courts (Inactive)
1st, 9th Circuit Courts of Appeal and United States Supreme Court

APPELLATE COUNSEL'S RESPONSE TO PETITIONER'S REQUEST FOR ADMISSIONS
4:16-CV-00667-TUC-RCC-1

*Qualifier: the Admissions requested by Mr. Cotterman 's current habeas counsel are drawn from Attorney Bloom's interview of me in April, 2016. This Court rejected that interview as "unauthorized discovery" and as such is not part of the record in this civil matter.*

I, Darla J. Mondou, alone have formed the responses. I reviewed my entire file in this matter and consulted the transcript of the aforementioned interview.

1. I agree I did not raise on direct appeal the jury waiver claim.

I deny that I did not evaluate or consider raising a claim that the jury waiver was invalid or insufficient.

During the recorded interview in my home office in 2016 Attorney Bloom asked me whether I thought the jury waiver was "invalid"; he then changed the description to "insufficient." Without having been afforded the opportunity to review the record

-1-

to refresh my recollection of decisions I made over two years prior to the interview, I stated that if the facts supported raising such a claim on direct appeal I was ineffective for not doing so.

After the interview concluded I reviewed the transcript of the first day of trial to refresh my memory as to why I decided to not raise that claim on direct appeal. After reading the transcript of this Court's colloquy with Mr. Cotterman [regarding his waiver of a jury trial], I recalled that I had determined the claim was better raised in a 28 U.S.C. § 2255 motion based on ineffective assistance of trial counsel.

True, the colloquy lacked pertinent information, to wit: that a jury is composed of 12 members and that a defendant can participate in jury selection, that the jury must reach a unanimous decision, and if a bench trial it is the judge alone who decides guilt or innocence. However, Mr. Cotterman told this court that trial counsel had consulted with him and that he was knowingly and intelligently waiving the right to a trial by a jury. (RT 6/10/14 pp. 3-5).

Here the waiver was in writing, the government consented, and the court approved. The only remaining factor that could possibly have been pressed on direct appeal was whether Mr. Cotterman's waiver was in fact knowingly and intelligently given,

-2-

despite his stating so on the record. Mr. Cotterman informed this court that trial counsel had answered all his questions about the waiver. As such I determined a reversal and remand for a new trial was entirely dependent on the extent and depth of trial counsel's discussion with Mr. Cotterman, if any as well as contrary facts to be put forth in Mr. Cotterman's affidavit.

A case I recalled reading as I prepared the issues to raise in the opening brief in 2014 is *United States v. Shorty*, 741 F.3rd. 961, 966 (9th Cir. 2013). Upon re-reading that decision my memory was refreshed as to the basis of my determination to forego raising the issue on direct appeal. In *Shorty* the panel held that a written waiver confers a presumption that the waiver was made knowingly and intelligently and that reversal was required if additional facts showed the defendant may be mentally or emotionally unstable. *Id*. The was no indication Mr. Cotterman was mentally or emotionally unstable or was non-English speaking.

In sum, I determined this exceedingly fact-specific issue required an affidavit from both Mr. Cotterman and trial counsel. Indeed, Mr. Cotterman's affidavit would be crucial to detail the pressure, if true, put on him by trial counsel to agree to waive a trial by jury. It goes without saying that affidavits cannot be filed to supplement the record on direct appeal.

I stand by my decision that the record alone did not support

-3-

raising the claim on appeal. I believed then, and believe now, the record was not "fully developed" factually to press on appeal and determined the claim was better suited for a motion to vacate, correct or set aside sentence pursuant to 28 USC § 2255.

2. I admit that a large percentage of the appeals I am appointed on under the Criminal Justice Act are either jury trials or result from a plea of guilty.

I deny that I did not evaluate or consider raising the waiver of a trial by jury issue direct appeal.

While I did relate to Attorney Bloom that representing a defendant after a bench trial is uncommon in my practice, I did not have an opportunity to review the record to refresh my recollection prior to Attorney Bloom blind-siding me with questions regarding my legal determination as to the merits of a claim of the waiver of the right to a jury trial in this case. That blind-siding applies to all questions he asked and addressed in this response.

A bench trial results in the same conviction as a jury trial. The only distinction are the requirements placed upon the court and trial counsel to ensure that trial counsel fully explained the consequences of a waiver. Arguing for a new trial when all four of the *Shorty* requirements had been addressed by

-4-

the court and answered by Mr. Cotterman, the only issue on appeal would have been to argue the waiver was not knowingly and intelligently made. (See Response to Question 1, above). However, the record is devoid of the facts to support that claim. Indeed, the record showed Mr. Cotterman he agreed he was voluntarily and intelligently waiving the right to a trial by a jury.

I could not [on direct appeal] argue that trial counsel pressured him to forego a jury trial as nothing in the record supported that claim. I believed then, and believe now, that a 28 USC § 2255 is the better vehicle to present this claim to the court.

---

3. I admit I did not evaluate or consider raising a claim on direct appeal that the colloquy regarding Mr. Cotterman's waiver of his right to testify was inadequate.

I recall that shortly after the interview concluded I performed research of relevant case law in the Ninth Circuit and found decisions that held a court is not obligated to question a defendant regarding the right to testify. Of course, some district judges do. Here Mr. Cotterman did not orally object to this Court when trial counsel announced the defense rested without putting on any testimony or evidence at all. Thus, there

was no factual basis for this court or the Ninth Circuit to find Mr. Cotterman expressed in words or actions that he wanted to testify. The record is silent as to this claim.

While I perhaps should have considered the issue, I now do not believe the record on appeal was sufficient for the Ninth Circuit's consideration. As is the voluntariness of a waiver of the right to a jury trial is fact specific, so is the waiver of the right to testify.

However, this issue can now be raised in the instant 28 U.S.C.§ 2255 motion. Mr. Cotterman's affidavit and trial counsel's affidavit will supply the missing critical facts. And most important, the issue may be raised now solely because this issue, and likewise the waiver of a jury trial, were not raised on direct appeal. Had I done so, and had the Ninth Circuit not found reversible error, the decisions would be the "law of the case", thus preventing Mr. Cotterman from raising both via a habeas motion.

Due the inherent fact-specific nature of claims alleging involuntary waivers of constitutional rights guaranteed by the Fifth Amendment and Sixth Amendment, the inability to present affidavits on direct appellate review in my opinion foreclosed any hope of a reversal. Both waiver claims are now squarely before the court, supported by germane and critical facts upon

which a decision can be rendered.

---

4. I admit I did not raise an argument that Mr. Cotterman should have been awarded a two-level reduction under USSG §3E1.1

I deny that I incorrectly believed that a defendant who goes to trial categorically cannot receive an offense level reduction for acceptance of responsibility. As I understood at the time I was preparing Mr. Cotterman's brief, and understand now, that in *some circumstances*, a defendant can receive the reduction *despite* going to trial.

After the interview concluded I reviewed the sentencing transcript, the Presentence Report, the Sentencing Guidelines, and Mr. Cotterman's letters of remorse. I do not believe that even genuine remorse for harming a victim, without more, can be deemed "acceptance of responsibility." It is my opinion that a defendant must express responsibility for having committed at least the basic elements of the charged offense(s) as defined by statutory law and precedent. I did not see an admission by Mr. Cotterman that the photographs/pictures and video were in fact child pornography as defined by the elements of the charging statutes, the Sentencing Guidelines and commentary, and pertinent and relevant case law. Thus, I determined I could not make a viable argument that Mr. Cotterman was entitled to a two-level

-7-

reduction and a further one-level reduction. Rather, I chose to argue the sentence was substantively unreasonable for a defendant of Mr. Cotterman's age and that vacating the sentence and remanding for re-sentencing was warranted under 18 U.S.C. § 3553(a).

In closing, my answers to Attorney Bloom's questions posed in April, 2016 required I respond based on an immediate recall of my decisions regarding the issues raised and rejected on appeal made in 2014. I answered "in the moment" without the benefit of reviewing any and all pertinent documents to refresh my recollection. Thus, the answers were incomplete and at times inaccurate. I have diligently reviewed the record and case law to prepare my answers to the Request for Admissions. I have attempted to provide, to the best of my ability, complete and accurate answers for this Court's consideration.

Respectfully submitted,

Darla J. Mondou
2388 S. Orchard View Dr.
Green Valley, AZ 85614
520-241-7392
MA BBO # 563103

Dated this ___ day of February, 2020.

-8-