# EXHIBIT X

Law Office of
HERNANDEZ & HAMILTON, PC
The Johnson House Offices
455 West Paseo Redondo
Tucson, Arizona 85701-8254
CLAY HERNANDEZ (AZ 010917)
Email: Clay@Hernandez-Hamilton.com
Telephone: (520) 882-8823
Fax: (520) 882-8414
Attorney for Defendant/Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>Howard Wesley Cotterman,<br><br>Defendant/Petitioner. | Case No: 4:16-CV-00667-TUC-RCC-1<br><br>**PETITIONER'S REQUESTS FOR ADMISSION AND INTERROGATORIES** |

Pursuant to Rule 6(b) of the Rules Governing Section 2255 Cases in the United States District Court, and the District Court's January 16, 2020 Order (attached hereto), Petitioner hereby serves the following Requests for Admissions and Interrogatories upon his trial counsel, Mr. Alfred S. Donau, III ("trial counsel").

Petitioner requests that trial counsel admit the truth of the following matters of fact, which are materially pertinent to his claims in the above-entitled matter. He also requests that trial counsel provide answers to two interrogatories, separately and fully in writing, and under oath.

1

# INSTRUCTIONS

A. Trial counsel's answers to the requests for admissions shall specifically admit or deny the matter. If any request cannot be truthfully admitted or denied, please set forth the specific reasons why the request cannot be admitted or denied, and any efforts made to obtain information sufficient to allow trial counsel to answer the request. A denial shall fairly meet the substance of the requested admission.

B. When good faith requires trial counsel to qualify an answer or deny only a part of the matter to which an admission is requested, he shall specify the portion that is true and qualify or deny the remainder.

C. Identify each person who assisted or participated in preparing and/or supplying any of the information given in a response to or relied upon in preparing the answers to these requests for admission and interrogatories.

D. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The words "any" and "all" shall be construed so as to make the request inclusive rather than exclusive. The singular shall include the plural, and vice versa.

E. The requests for admission and interrogatories shall be read, interpreted, and answered in accordance with these instructions and the definitions set forth herein. If the meaning of any word or phrase used herein is unclear, trial

counsel is requested to contact § 2255 counsel to resolve any ambiguity. Should trial counsel wish to review any case files in § 2255 counsel's possession prior to submitting his responses, it is requested that trial counsel contact § 2255 counsel's office immediately and identify the files he wishes to review. Section 2255 counsel will then arrange for such review.

F. If any request or interrogatory cannot be answered in full after exercising the required diligence, it shall be answered to the extent possible with a full statement of all efforts made to fully answer, and all reasons a full answer cannot be made.

G. Trial counsel shall serve his written answers upon Petitioner within 30 days after being served. *See* Fed. R. Civ. P. 36(a)(3), 33(b)(2). Any request for admission or interrogatory that is not answered or objected to within 30 days is admitted. *Id.*

## REQUESTS FOR ADMISSION

1. Admit that, prior to reviewing Cotterman's Presentence Report, you thought his 1992 convictions qualified as predicate felonies under 18 U.S.C. § 3359(e).

2. Admit that you believed the government's Notice of Prior Conviction alleging Cotterman's 1992 convictions triggered § 3359(e)'s sentencing enhancements and exposed him to mandatory life imprisonment on Counts 1 and 2.

3. Admit that, at the time you secured the government's agreement to withdraw its Notice of Prior Conviction in exchange for the jury trial waiver, you believed withdrawal or dismissal of the Notice was a necessary precondition in order for Cotterman to avoid a mandatory life sentence on Counts 1 and 2.

3

4. Admit that you agreed to a bench trial and several stipulations in exchange for the government's agreement to withdraw the prior conviction allegation because you believed you were securing Cotterman the benefit of avoiding a mandatory life sentence.

5. Admit that you never informed Cotterman of the government's 12- to 20-year plea offer.

6. Admit that Cotterman never asked you to abandon all plea negotiations after the government rejected your 90-month plea offer.

7. Admit that Cotterman expressed reluctance to sign the jury trial waiver and stipulations.

8. Admit that Cotterman initially refused to sign the stipulations.

9. Admit that you did not explain any benefits of the stipulations to Cotterman.

10. Admit that Cotterman told you he regretted electing a bench trial in his 1992 case.

11. Admit that you never told Cotterman that the decision to elect a bench or jury trial ultimately rested with him.

12. Admit that you did not advise Cotterman of all the constitutional rights he would be giving up by waiving a jury trial.

13. Admit that you did not want Cotterman's case to proceed to a jury trial because you believed it was a waste of your time.

14. Admit that Cotterman expressed to you his desire to testify at trial.

15. Admit that Cotterman asked you to put him on the stand.

16. Admit that you did not advise Cotterman that the right to testify at trial was his decision alone.

17. Admit that you did not prepare Cotterman to testify as a witness.

4

18. Admit that after you won Cotterman's motion to suppress, up until the case was remanded from the Ninth Circuit, you made no further attempt to secure a plea offer from the government.

19. Admit that you thought Cotterman's strongest defense was based on the legal arguments.

## INTERROGATORIES

1. Explain what efforts you made, if any, to determine whether Cotterman's 1992 prior convictions qualified as predicate offenses under 18 U.S.C. § 3359(e).

2. Explain why you declined to file a trial memorandum setting forth your legal arguments.

RESPECTFULLY SUBMITTED this 30th day of January, 2020.

Law Office of
HERNANDEZ & HAMILTON, PC


By *s/CLAY HERNANDEZ*
CLAY HERNANDEZ
Attorney for Defendant/Petitioner

5

# CERTIFICATE OF SERVICE

I, Clay Hernandez, do hereby certify that on this 30th day of January, 2020, I mailed copies of the foregoing document, along with the Court's January 16, 2020 Order (Doc. 43), to the following recipients:

Alfred S. Donau, III
Trial Attorney for Defendant/Petitioner

Carmen F. Corbin, Assistant
United States Attorney's Office


By s/*Clay Hernandez*
    CLAY HERNANDEZ

6

Alfred S. Donau III
Arizona State Bar #3540
Pima County Bar #14784
3505 North Campbell Avenue. Suite 504
Tucson, Arizona 85719-2033
Telephone (520) 795-8710
skipdonau@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

HOWARD WESLEY COTTERMAN,

Defendants.

Case No.: 4:16-CV-00667-TUC-RCC-1

**TRIAL COUNSEL'S ANSWERS TO REQUESTS FOR ADMISSION AND ANSWERS TO INTERROGATORIES**

## ANSWERS TO REQUESTS FOR ADMISSION

1. Admit initially that I thought that the prior conviction in California qualified as a predicate felony.
2. Admit initially I believed the prior exposed Mr. Cotterman to a life sentence.
3. Deny.
4. Deny.
5. Deny.
6. Object to the form of the question. I never abandoned plea negotiations as long as I was counsel of record.
7. Admit.
8. I have no recollection.
9. Deny.
10. Admit.
11. Deny.
12. Deny.
13. Deny.
14. Deny. Mr. Cotterman changed his position several times. However, it was always his decision whether he would testify or not.

1

15. Deny.

16. Deny.

17. Deny.

18. Deny. Object to the form of the question. Upon the government's appeal to the Ninth Circuit, the case was taken over by Nash and Kirschner. I was no longer counsel of record until the Ninth Circuit overturned the suppression.

19. Deny.

## ANSWERS TO INTERROGATORIES

1. After reviewing the file provided to me on or about the 25th day of February, 2020, I found that it did not contain nearly my entire file and I have no recollection at this time as to what efforts I made to determine whether the 1992 prior qualified as a predicate offense.

2. See above regarding review of my entire file. Generally, it is my practice to file trial memorandums in state court where discovery is complete. In many instances in federal court I do not, as I believe it provides a roadmap for the government regarding my strategy for defense.

_____
Alfred S. Donau III

STATE OF ARIZONA   )
                   : ss.
COUNTY OF PIMA     )

The undersigned, being first duly sworn, deposes and says:

I was the trial counsel in the criminal matter mentioned above; I have prepared the foregoing Response to Request for Admissions and Answers to Interrogatories and said answers are true and correct to the best of my knowledge, information and belief.

_____
Alfred S. Donau III

SUBSCRIBED AND SWORN to before me, the undersigned, this 3rd day of March, 2020, by Alfred S. Donau III.

My Commission Expires:
2/14/21

_____
Notary Public

ALMA BIGBEY
NOTARY PUBLIC, ARIZONA
PIMA COUNTY
My Commission Expires
February 14, 2021

2

1  Original hereof hand delivered this
   3rd day of March, 2020 to:
2
   Clay Hernandez
3  The Johnson House Offices
   455 West Paseo Redondo
4  Tucson, Arizona 85701-8254
   Attorney for Defendant/Petitioner
5
   Copy hereof mailed this 3rd day
6  of March, 2020 to:

7  Carmen F. Corbin, Assistant United States Attorney
   405 West Congress, Suite 4800
8  Tucson, AZ 85701

9  By___Alma Bigbey___

3