# EXHIBIT AD

*Donau & Bolt*

ALFRED S. DONAU III
CERTIFIED CRIMINAL LAW SPECIALIST
STATE BAR OF ARIZONA
ADMITTED TO PRACTICE IN ARIZONA AND MONTANA
JOHN R. BOLT
CERTIFIED FAMILY LAW SPECIALIST
STATE BAR OF ARIZONA
FELLOW OF THE AMERICAN ACADEMY OF
MATRIMONIAL LAWYERS
LISTED IN "THE BEST LAWYERS IN AMERICA" SINCE 1993

ATTORNEYS AT LAW
SUITE 501
3505 NORTH CAMPBELL AVENUE
TUCSON, ARIZONA 85719-2033

TELEPHONE
(520) 795-8710

FAX
(520) 795-0308

September 5, 2014

United States Probation Office
Christy A. Ferasin
U.S. Probation Officer
405 W. Congress
Tucson, AZ 85701

Re: United States of America vs. Howard Wesley Cotterman; CR207-01207-RCC

Dear Ms. Ferasin:

Please consider the following suggested corrections to the draft Presentence Investigation Report.

On page three, paragraph eleven, while we agree with your characterization that the California offenses would not qualify as predicate sexual crimes, it also should be noted that prior to trial, the government withdrew its Notice of Prior Conviction - that was part of the agreement for a bench trial. Therefore, the strict categorical approach noted does not apply, as of the date of trial the notice had been withdrawn.

Page four, paragraphs sixteen and seventeen are your account of personal contacts with the victim and her mother. I have no doubt that you accurately report what the two told you, however, it should be noted that both began counseling long before the discovery of Mr. Cotterman's conduct. As was clearly presented at trial, neither one had any idea that the conduct had taken place until after confronted by police officers with photographs. I am certain that the court will rely on its own recollection of the testimony of the victim and her mother.

Page five, paragraph 27, I do not believe it is appropriate under 3A1.1(b)(1) to add this enhancement as the note on 3A1.1 provides "do not apply section B if the factors that make a person a vulnerable victim is incorporated in the offense guidelines". Paragraph 25 incorporates that fact into the guidelines, therefore I do not believe the enhancement for 27 is appropriate.

Page seven, paragraph 44, I have no doubt that the presentence report may have contained that which you have, however it should be noted that the stipulation at trial, the evidence at trial, and my client's adamant position is that he did not touch a single victim, let alone penetrate the vaginal opening with his finger.

Page eight, paragraph 49, rather than Irene Jeffries, the correct name is Helen Jeffries. Paragraph 50, the defendant's father was an insurance salesman. His mother worked in a beauty salon. Together they owned a beauty salon for a year. The father passed at an early age. Paragraph 51, the defendant moved from Terre Haute, Indiana to Lafayette, Indiana to attend Purdue University.

Page nine, paragraph 52, he moved to Endicott, rather than Indica, New York, where he worked for IBM. In 1969, he joined a new start-up company. Paragraph 53, his wife Maureen retired from Hewlitt Packard and was a public school teacher. They met at a dance class where she was taking lessons to enter a competition.

Page ten, paragraph 61, he received training in writing and investigation techniques through National Cash Register Company (NCR). Paragraph 62, he was actually incarcerated from 1992 to 1994. He did less than three years of incarceration.

The above consists of my corrections or objections to the presentence report.

Very truly yours,

DONAU & BOLT

/s/Alfred S. Donau
Alfred S. Donau III

ASD/ml