# EXHIBIT AG

# Donau & Bolt

ALFRED S. DONAU III
  CERTIFIED CRIMINAL LAW SPECIALIST,
  STATE BAR OF ARIZONA
  ADMITTED TO PRACTICE IN ARIZONA AND MONTANA
JOHN R. BOLT
  CERTIFIED FAMILY LAW SPECIALIST,
  STATE BAR OF ARIZONA
  FELLOW OF THE AMERICAN ACADEMY OF
  MATRIMONIAL LAWYERS
  LISTED IN 'THE BEST LAWYERS IN AMERICA' SINCE 1993
LINDSAY GLENN MELLEN
  ADMITTED TO PRACTICE IN ARIZONA AND ILLINOIS
AARON C. CITRON
  ADMITTED TO PRACTICE IN ARIZONA

ATTORNEYS AT LAW

SUITE 501

3505 NORTH CAMPBELL AVENUE

TUCSON, ARIZONA 85719-2033

TELEPHONE
(520) 795-8710

FAX
(520) 795-0308

May 23, 2008

Howard Cotterman
Registration #30367208
PO Box 6300
Florence, AZ 85232

Dear Howard:

This is in response to your letter which I received on May 21, 2008. The response will be brief as I do not believe it is a good idea for you to have written materials from your lawyer in your cell. There has been more than one instance of inmates testifying against their fellow inmates based upon what they have read, rather than what the inmate has actually said. Therefore, this response will be brief.

First of all, as you correctly point out, most of your questions involve speculation and as they involve speculation, the answers are clearly speculative, some of them highly speculative.

Nevertheless, (1) appeals generally take a minimum of six months up to eighteen months.
(2) There is no possibility of consolidation unless there is a global plea agreement.
(3) Bail - correct, not possible.
(4) California case - in the California case they have a warrant. They do not have a warrant in the Arizona case. Although the warrant may be based upon improperly seized evidence, there is argument that the government can make that they relied on good faith. In other words, the Leon argument, wherein the government alleges that it had a reason for good faith reliance on the information presented to the court to get the warrant.
(5) California case - will be resolved within four to six months after starting the California case. We have not even had initial appearance, so do not consider the time to be currently running. See answer to number one for the remainder of the questions.
Sentencing, question #6 - if you are separately convicted in Arizona and California, there will be two separate pre-sentence reports. There are no pre-sentence reports on appeal. If there is one plea, there will be one pre-sentence report.
(7) The Sentencing event is completely up in the air. If we reach an agreement as to a sentence, testimonials will be meaningless. If there is a range of sentence, they may be of some assistance. Generally they are submitted in writing.
(8) As we have no agreement from the government at this point in time, there is no way to even guess at the minimum obtainable. See answer to 7 regarding testimonial.

Howard Cotterman
May 23, 2008
Page 2 of 2

(9) Supervised release periods are controlled by the statute. It will not be a part of the plea agreement.

(10) Self explanatory.

(11) Is based upon an incorrect assumption. The chance of prevailing at a motion to suppress in District Court is at best 60/40. If we fail in District Court, the chances on every step of appeal diminishes. In other words, if you have a 60/40 chance in District Court and we lose, your chances diminish at the Court of Appeals and diminish even further in the Supreme Court. The Ninth Circuit is, of the existing circuits, one of the best for your issues. However, that does not mean that your chances improve significantly by being in the Ninth Circuit.

(12) At this point, considering independent psychiatric evaluations is premature.

(13) I do not believe that AFP testimonies will have any value whatsoever.

Very truly yours,

DONAU & BOLT

Alfred S. Donau III

ASD/kk